JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LG ELECTRONICS U.S.A., INC. et al.,<br><br>　　　　　Defendants. | Case No. 2:23-cv-09786-FLA (MRWx)<br><br>**ORDER REMANDING ACTION [DKT. 14]** |

### **RULING**

On October 11, 2023, Plaintiff Allstate Insurance Company ("Plaintiff") initiated this action against Defendant LG Electronics U.S.A., Inc. ("Defendant"), and Does 1-10 in the Los Angeles County Superior Court. Dkt. 1-2 ("Compl."). On November 17, 2023, Defendant removed the action to this court, based on alleged diversity jurisdiction. Dkt. 1 ("NOR").

On December 11, 2023, the court ordered the parties to show cause ("OSC") why the action should not be remanded for lack of subject matter jurisdiction due to an insufficient amount in controversy. Dkt. 14. Only Defendant filed a response.

1

Dkt. 15 ("Def. Resp.").

Having reviewed the Notice of Removal and Defendant's response to the OSC, and for the following reasons, the court finds Defendant fails to establish subject matter jurisdiction and accordingly REMANDS this action to the Los Angeles County Superior Court.

## BACKGROUND

Plaintiff's Complaint asserts claims for negligence and strict products liability. Dkt. 1-2 ("Compl."). Plaintiff alleges it issued an insurance policy to an individual ("Insured") for, among other things, damage to the Insured's property. Compl. at ¶ 4. The Insured made a demand upon Plaintiff to pay damages incurred as a result of Defendant's allegedly negligent design, manufacturing, construction, and testing of a refrigerator which the Insured purchased. *Id.* ¶ 8. Specifically, Plaintiff claims the Insured suffered property damage totaling $173,412.09, because of flooding and water leakage caused by the refrigerator. *Id.* ¶¶ 9, 14. Plaintiff reimbursed the Insured for the total amount. *Id.* ¶ 5. As a result of the payment to the Insured, Plaintiff claims it "has become subrogated to all of the rights of the Insured against Defendant[.]" *Id.* ¶ 18.

## DISCUSSION

Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. District courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). Additionally, federal courts have an obligation to examine jurisdiction *sua sponte* before proceeding to the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Federal courts have jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the

amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332(a). Thus, a notice removing an action from state court to federal court must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Where "the plaintiff contests, or the court questions, the defendant's allegation" concerning the amount in controversy, "both sides [shall] submit proof," and the court may then decide whether the defendant has proven the amount in controversy "by a preponderance of the evidence." *Id.* at 88-89. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). It is Defendant's burden as the removing party to justify this court's exercise of jurisdiction. *Id.* at 567.

The Complaint purports to place $174,412.09 in controversy, based on damages suffered by and paid to the Insured. Compl. ¶¶ 10, 17, Prayer for Relief. In its Notice of Removal, Defendant claims removal was proper because "a total sum of $173,412.09 is alleged to be at issue." NOR at 4. Neither the Complaint nor the Notice of Removal provides any explanation as to the calculation of damages, or evidence of payment to the Insured.

Upon reviewing the Complaint and Defendant's Notice of Removal, the court found it was "unable to conclude it ha[d] subject matter jurisdiction" because, among other things, "the allegations in the Notice of Removal [did] not demonstrate by a preponderance of the evidence that the amount in controversy exceed[ed] $75,000." Dkt. 14 at 2; *see Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (A statement of damages "is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim."); *Romsa v. Ikea U.S. West, Inc.*, Case No. 2:14-cv-05552-MMM (JEMx), 2014 WL 4273265, at *2 (C.D. Cal. Aug. 28, 2014) (internal quotation marks omitted) ("A plaintiff's damage estimate will not establish the amount in controversy, however, if it appears to be only a bold optimistic prediction.").

Despite the court's urging to "submit evidence and/or judicially noticeable facts in response to the court's [OSC]," (Dkt. 14 at 2-3), Defendant has not produced additional evidence or argument as to the sufficiency of the amount in controversy. Instead, Defendant merely re-attaches Plaintiff's Complaint in support of its conclusory argument that the court "should consider at least $173,412.09" in controversy, based on "Plaintiff's State Court Complaint." Def. Resp. at 2, 5-10.

Absent additional explanation, the court cannot substantiate or otherwise determine whether Plaintiff's damages estimates are reasonable or sufficiently attributable to the negligent conduct alleged. *See Romsa*, 2014 WL 4273265, at *2 (remanding action where statement of damages did not explain how plaintiff arrived at the damages claimed); *Schroeder v. Petsmart, Inc.*, Case No. 2:19-cv-01561-FMO (AGRx), 2019 WL 1895573, at *2 (C.D. Cal. Apr. 29, 2019) (same).

Given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, *see Gaus*, 980 F.2d at 566, the court finds Defendant has not met its burden to demonstrate the amount in controversy meets the jurisdictional threshold by a preponderance of the evidence, as required for diversity jurisdiction. *See* 28 U.S.C. § 1332.

## **CONCLUSION**

For the foregoing reasons, the court REMANDS this action to the Los Angeles County Superior Court, Case Number 23PSCV03146. The Clerk of the Court shall administratively close the case.

IT IS SO ORDERED.

Dated: March 1, 2024

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge